UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA M. BENNETT,**<br><br>Defendant. | Civil Action No. 07-6131 (JAP)<br><br>**ORDER TO SEAL** |

This matter having been opened to the Court upon Motion by Plaintiff for an Order sealing portions of its Complaint [Docket Entry No. 3]; and Plaintiff arguing that portions of the Complaint contain "detailed information with respect to defendant's medical condition and medical treatment, which information may be considered personal to defendant"; and Plaintiff further arguing that inclusion of the sensitive information "is necessary to support plaintiff's contention that [Defendant] is not entitled to disability benefits based upon his misrepresentations"; and Plaintiff further arguing that "Plaintiff seeks to ensure that any individually identifiable health information of defendant is protected by disclosure"; and there being no opposition to the instant Motion; and the Court finding that the Third Circuit recognizes "a common law public right of access to judicial proceedings and records" (*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)); and the Court further finding that there is "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" (*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)); and the Court further finding that the right of public access is "not absolute[,]" but must be weighed against the litigants' interests in secrecy (*Id*. at 165 (internal quotation marks and citation omitted)); and the Court further finding that under

1

*L.Civ.R.* 5.3(c)(2) a party seeking an Order to seal materials must describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available; and the Court noting that "caution must be exercised when filing documents that contain ... [m]edical records, treatment, and diagnoses" (ELECTRONIC CASE FILING POLICIES AND PROCEDURES, *as amended* October 1, 2006, at ¶ 18); and the Court finding that Plaintiff has adequately described the materials at issue as containing confidential medical information, the disclosure of which would harm the Defendant's personal interests in privacy; and the Court further finding that Defendant's interest in maintaining his medical records private outweigh the public's right to access; and the Court further finding that Plaintiff has adequately explained why a less restrictive alternative is not available; and the Court having considered fully the papers submitted in conjunction with the instant Motion and otherwise pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 1st day of May, 2008,

ORDERED that Plaintiff's Motion to Seal portions of the Complaint is GRANTED, and it is further

ORDERED that Plaintiff file under seal with the Court no later than **May 9, 2008** a complete and unredacted version of the Complaint; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 3] accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**